Kurtaj v. Holder

BIA
A 095 468 072

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of January, two thousand ten.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> ROBERT A. KATZMANN,
> > *Circuit Judges.*

_____

ARBEN KURTAJ,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

09-1023-ag
NAC

_____

FOR PETITIONER:     Charles Christophe, New York, New York.

**FOR RESPONDENT:** **Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Elizabeth Young, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Arben Kurtaj, a native and citizen of Albania, seeks review of the February 23, 2009 order of the BIA denying his motion to reopen. *In re Arben Kurtaj,* No. A 095 468 072 (B.I.A. Feb. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 323 (1992)). We find that the BIA did not abuse its discretion in denying Kurtaj's motion to reopen.

The BIA properly concluded that Kurtaj did not demonstrate changed country conditions in Albania sufficient

to excuse his untimely filing. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Although Kurtaj submitted new evidence describing violent conditions in Albania, that evidence did not suggest that the Albanian authorities were specifically seeking out members of the Albanian Democratic Party for persecution. Therefore, such generalized evidence was insufficient to establish Kurtaj's eligibility for relief. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999). Furthermore, although the BIA did not give individualized consideration to the evidence Kurtaj submitted, we will "presume that [the BIA] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006).

The BIA also found that Kurtaj failed to meet the "heavy burden" of demonstrating that the new evidence he submitted "would likely change the outcome in his case." We find no error in that conclusion. The BIA properly found that Kurtaj failed to establish that the new evidence he submitted would likely change the outcome of his case, where his motion to reopen was based on the same events that the IJ previously found not credible. *See Paul v. Gonzales*, 444

3

F.3d 148, 155 n.5; *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007).

Finally, although Kurtaj argues that the BIA erred in refusing to reopen his case *sua sponte*, we lack jurisdiction to review a decision of the BIA not to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a), because such a decision is "entirely discretionary." *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

4